**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO RODRIGUEZ VITELA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-1734 <br><br> Agency No. <br> A098-005-551 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of an
Immigration Judge

Submitted February 21, 2024[**]

Before:     FERNANDEZ, NGUYEN, and OWENS, Circuit Judges

Fernando Rodriguez Vitela, a native and citizen of Mexico, petitions pro se

for review of an immigration judge's order affirming an asylum officer's negative

reasonable fear determination.  We have jurisdiction under 8 U.S.C. § 1252.  We

review for substantial evidence the agency's reasonable fear determination, and we

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo due process challenges to reasonable fear proceedings. *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021). We deny the petition for review.

Substantial evidence supports the agency's determination that Rodriguez Vitela failed to show a reasonable possibility that the harm he fears would be on account of a protected ground. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) (no basis for withholding of removal where petitioner did not show a nexus to a protected ground).

Substantial evidence also supports the agency's determination that Rodriguez Vitela failed to show a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Mexico. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836-37 (9th Cir. 2016) (petitioner failed to demonstrate government acquiescence sufficient to establish a reasonable possibility of future torture).

Rodriguez Vitela's claim the agency violated due process by denying him the opportunity to gather and submit evidence and additional time to prepare for his hearing fails because he has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

23-1734

The temporary stay of removal remains in place until the mandate issues.

The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**